UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-CV-442 JD |
| | ) |
| MICHAEL OSBURN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Eric Sanders, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 challenging his transfer in January 2012 from Wabash Valley Correction Facility ("WVCF") to the long-term segregation unit at Westville Correctional Facility ("Westville"). [ECF No. 1.] Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Sanders first alleges that his due process rights were violated in connection with his transfer. He names the following individuals as defendants, all of whom are alleged to have been

personally involved in the decision to house him in long-term segregation: Michael Osburn, Indiana Department of Correction ("IDOC") deputy commissioner; Richard D. Brown, the superintendent of WVCF; M. Loehr, IDOC classification supervisor; James Bassinger, IDOC central office executive director; Jayne Grimes, IDOC classifications director; Evan Lowry, complex director at Westville; and Douglas Barnes, a caseworker at Westville.

The Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005); *Wagner*, 128 F.3d at 1176. However, placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009) (determination of whether 240 days in segregation imposed an atypical, significant hardship could not be made at the pleading stage). If a liberty interest is at stake, the inmate is entitled to informal, nonadverserial due process protections, including "some notice" of the reason for the transfer and an opportunity for periodic review of his placement by a neutral reviewer. *See*

*Westefer v. Neal*, 682 F.3d 679, 684-85 (7th Cir. 2012.) He is also entitled to an "opportunity to present his views," but not to a hearing, a written decision, or a formal appeal. *Id.*

Here, giving the complaint liberal construction, Sanders alleges that he was not given an adequate opportunity to present his views prior to the transfer, and that the process by which his placement is reviewed each month is perfunctory and inadequate. He has been housed in the segregation unit for nearly a year, and he alleges that the conditions there are far harsher than those imposed on prisoners in the general population, including a lack of almost all human contact and limited opportunities for exercise and other activities. Giving him the inferences to which he is entitled at this stage, he has alleged a plausible due process claim.

Sanders also claims that corrections staff violated his equal protection rights by treating him more harshly than other inmates with maximum-security classifications who are not housed in long-term segregation. [ECF No. 1 at 19-23.] When an equal protection claim is not based on a protected class, such as race or gender, a prison may treat inmates differently as long as the unequal treatment is rationally related to some legitimate penological interest. *See May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000). This is not a particularly difficult standard to meet, and the court cannot find a challenged action irrational simply because it may seem "unwise" or "improvident." *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 685 (7th Cir. 2005).

Here, Sanders alleges that he is being subjected to far harsher conditions than other similarly situated prisoners for no legitimate reason. [ECF No. 1 at 19-25.] Although further factual development may show that corrections officials had legitimate reasons for placing Sanders in long-term segregation, at this stage the Court must accept his allegations as true.

3

Giving him the inferences to which he is entitled, he has alleged enough to proceed past the pleading stage on his equal protection claim.

For the reasons set forth above, the court:

(1) GRANTS the plaintiff leave to proceed against Richard D. Brown, M. Loehr, James Bassinger, Michael Osburn, Jayne Grimes, Evan Lowry, and Douglas Barnes in their individual capacity for monetary damages for violation of his Fourteenth Amendment rights;

(2) GRANTS the plaintiff leave to proceed against James Bassinger and Michael Osburn in their official capacity for injunctive relief pertaining to his Fourteen Amendment rights;

(3) DISMISSES any and all other claims contained in the complaint;

(4) DIRECTS the United States Marshals Service to effect service of process on Richard D. Brown, M. Loehr, James Bassinger, Michael Osburn, Jayne Grimes, Evan Lowry, and Douglas Barnes; and

(5) ORDERS Richard D. Brown, M. Loehr, James Bassinger, Michael Osburn, Jayne Grimes, Evan Lowry, and Douglas Barnes to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: November 30, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court