UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ERIC SANDERS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:12-CV-442 JD |
|  | ) |  |
| MICHAEL OSBURN, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Before the court are several filings by Eric Sanders, a *pro se* prisoner. (DE 47, 48, 49.) First, he moves for reconsideration of the order denying his motion for partial summary judgment. (DE 49.) The facts and applicable legal principles were fully set forth in the prior order and will not be restated here. (DE 52.) Sanders rehashes many of the same arguments raised in his motion for summary judgment, which were rejected by the court. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). As was fully explained in the prior order, Sanders failed to demonstrate that he was denied minimal due process protections in connection with his transfer to long-term segregation at the Westville Control Unit ("WCU"). *See Westefer v. Neal*, 682 F.3d 679, 684-85 (7th Cir. 2012.) Contrary to his suggestion, he does not have a constitutional right to be housed in any particular facility, or in the facility of his choosing. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). He continues to argue that his rights were violated because the defendants failed to follow internal agency requirements in connection with his

transfer; as previously explained, however, the violation of state law does not amount to a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). He has not demonstrated that the court's ruling was in error.

Sanders also disagrees with the court's determination that his claim for injunctive relief has become moot now that he is no longer housed at WCU. As the court noted in the order, if Sanders "can demonstrate that he is likely to be retransferred," his claim would not be considered moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). He did not make such a showing in his original filings, nor in the present motion. He argues (without evidentiary support) that he was transferred to long-term segregation one other time in the past 12 years, but even if this is true, it does not show that he is likely to be retransferred any time in the immediate future. In fact it suggests the possibility is remote, and Sanders needs more than just conjecture to keep his claim for injunctive relief alive. *See Preiser v. Newkirk*, 422 U.S. 395, 401-04 (1975) (prisoner's request for injunctive relief related to alleged unconstitutional transfer was moot because he had been returned to the initial facility, and his subjective fear of retransfer was merely speculative); *see also Kifer v. Ellsworth*, 346 F.3d 1155, 1157 (7th Cir. 2003) (claim of jail detainee was moot since he had been released from custody, even though there was a remote possibility he could be re-arrested and detained at the jail).

Sanders's claim for injunctive relief is therefore moot. Nevertheless, he still has a claim for damages in connection with the original transfer. *See Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009). The court concluded in the prior order that Sanders did not demonstrate an

entitlement to summary judgment on this claim, and nothing in the present motion warrants a different ruling. Accordingly, the motion to reconsider will be denied.

In his other two filings, Sanders proposes how the remainder of the case should proceed. He filed a status report, as well as a "Motion to Show Cause" explaining why his status report was filed beyond the deadline set by the court. (DE 47, 48.) The motion will be granted, to the extent that the court has duly considered his late-filed status report. By separate order, the court will set a telephonic status conference with the parties to discuss scheduling of the remainder of this case.

For these reasons, the court:

(1) DENIES the motion to reconsider (DE 49); and

(2) GRANTS the "Motion to Show Cause" (DE 48) to the extent stated herein.

SO ORDERED.

ENTERED:   March 3, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court